IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DIGITALB, SH.A, a corporation organized )
and existing under the laws of the )
Republic of Albania )
)
Plaintiff, )
)
vs. ) No.
)
SETPLEX, LLC, a Delaware limited )
liability company, doing business as )
NimiTV and doing business as TVALB, )
LBD GROUP, LLC, a Delaware limited )
liability company, and LIONEL DRESHAJ )
and BENJAMIN DRESHAJ, individuals )
)
Defendants. )

## COMPLAINT

The Plaintiff, by its attorneys, for its complaint against the Defendants, states as follows:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement and contributory copyright infringement (17 USC 101 et seq.) and for communication piracy (47 USC 605, et seq.), in that the defendants offered, sold, and distributed television and radio programming and content owned by the Plaintiff or licensed exclusively to the Plaintiff for distribution in the United States, the United Kingdom, the European Union and independent European countries, and in furtherance of their conduct pirated, retransmitted and published the content and programming and imported and distributed electronic devices or equipment for use by their customers in displaying of the content and programming. This action includes a claim for breach of contract.

## JURISDICTION AND VENUE

2. Jurisdiction is appropriate in this Court in that each matter in controversy exceeds the sum or value of $75,000.00, and is between a citizen of a State and a citizen of a foreign State or a corporation of a foreign State within the meaning of 28 USC 1332(a)(2) and 28 USC 1132(a)(4).

3. Supplemental jurisdiction of the claims of violation of copyright law in the United Kingdom, the European Union and independent European countries, as set forth in Count IV, is appropriate pursuant to 28 USC 1367 (a).

4. Jurisdiction is also appropriate in this Court as to Count III of this Complaint pursuant to 28 USC 1337(a), in that this Court has original subject matter jurisdiction of the claims in this Complaint which arise from the antipiracy provisions of 47 USC 605(a).

5. Venue in this District is appropriate pursuant to 28 U.S.C. 1391(b)(1) in that the defendants reside, can be found, or have their principal places of business within this District.

## PARTIES

6. DigitAlb Sh.a, the Plaintiff, is a corporation organized and existing under the laws of the Republic of Albania, with its principal place of business in Tirane, Albania, which is engaged in the distribution of television programming and content, owned by or licensed to it, worldwide, including but not limited to by streaming content and programming in the Albanian language over the Internet to television receiving equipment provided by it to its subscribers or to other devices used by its subscribers, a process known as Internet Protocol Television (IPTV), or by licensing others to distribute the said programming and content.

7. Setplex LLC, a Defendant, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2320 Arthur Avenue, Bronx, New York, which at all pertinent

times operated as a distributor of Albanian language television content and programming originated by television channels in the Republic of Albania and the Republic of Kosovo; Setplex LLC operates under its own name and also under assumed names registered in the State of New York, specifically NIMITV and TVLAB, and it may also operate under other unregistered names.

8. LBD Group LLC, a Defendant, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2320 Arthur Avenue, Bronx, New York, which at all pertinent times owned and/or controlled or managed the Defendant, Setplex, LLC, and which by merger, in April, 2016, acquired a New Jersey limited liability company also named Setplex, LLC; at all pertinent times LBD Group operated as a distributor of Albanian language television content and programming originated by television channels in the Republic of Albania.

9. Lionel Dreshaj, a Defendant, is an individual, who at all pertinent times managed the operations and affairs of the defendants, Setplex LLC, and LBD Group, LLC., and the predecessors of LBD Group, LLC.

10. Benjamin Dreshaj, a Defendant, is an individual, who at all pertinent times managed the operations and affairs of the defendants, Setplex LLC, and LBD Group, LLC, and the predecessors of LBD Group, LLC.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is engaged in the business of providing Internet Protocol Television ("IPTV") to, among others, an Albanian language speaking consumer base in the United States, the United Kingdom and Europe.

12. IPTV is a digital television service which distributes television programming by sending coded digital transmissions over the Internet in a form capable of translation by home devices in conjunction with standard television receivers or other consumer devices.

13. Plaintiff is the owner of the exclusive rights to distribute certain Albanian language televisions programs and episodes of those programs in the United States, the United Kingdom, the European Union and independent European countries, which it received from the originators who created, developed and produced the programming outside of the United States, i.e. in the Republic of Albania or the Republic of Kosovo, and first aired them either (1) outside of the United States or (2) simultaneously outside the United States and within the United States.

14. The Albanian language content and programming to which Plaintiff owns or holds the exclusive rights for distribution in the United States. the United Kingdom, the European Union and independent European countries is all of the programming produced and distributed by the following television channels: Top Channel, Top News, Musical, Top Channel HD, SS-1 Kosovo (Supersport 6), SS-2 Kosovo (Supersport 7), SS3 Kosovo (Supersport 8), T-HD, SS-1 HD, SS-2 HD, SS-3 HD, SS-4 HD, Tribuna Channel, Dukagjini, Rrokum TV, News 24, Abc News, Supersonic TV, STV (Super Folk), Scan TV and A1 Report.

15. Plaintiff originally owned, or obtained and held the exclusive right to distribution in the United States, the United Kingdom, the European Unions and independent European countries of the programming produced and distributed by the television channels listed in paragraph 14 continuously at all pertinent times mentioned in this complaint.

16. Setplex LLC and LBD Group LLC, compete with the Plaintiff, or competes with others licensed by Plaintiff, for consumer subscribers located in the United States, the United Kingdom, the European Union and independent European countries for IPTV services by offering and distributing, or arranging distribution of Albanian language television programing to which Plaintiff holds exclusive rights pursuant to licenses issued by the originators of the programming as set forth above.

17. Neither Setplex, LLC, nor LBD Group LLC, or anyone other than Plaintiff or its licensees now have or ever had authorization from Plaintiff or any of the other content and programming providers, to offer or distribute the content

and programming to which Plaintiff holds exclusive rights, except as expressly mentioned in paragraph 19 below.

## CLAIMS

### Count I – Direct Infringement of Copyright in the United States

18. Plaintiffs re-allege paragraphs 1-17 as paragraph 18 of this Count I.

19. Setplex LLC, violated the exclusive rights of Plaintiff by distributing in the United States, without authorization, the content and programming of the channels and providers set forth in paragraph 14, from October 2014 to the present, except the distribution by LBD Group, LLC, through its predecessor,, of Top Channel, Top News, Musical and Top Channel HD was without authorization on and after January 1, 2016.

20. At present, Setplex LLC, and LBD Group, LLC, remain distributing the channels listed in paragraph 14 to which Plaintiff holds the exclusive rights.

21. The acts of infringement of Setplex LLC and LBD Group LLC have been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

22. Each unlawful distribution of content and programming constitutes a separate act of infringement for which Plaintiff is entitled to actual damages and the profits of Setplex LLC and LBD Group LLC, under 17 USC 504(b) or statutory damages under 17 USC 504(c), in excess of $30 million.

23. The conduct of the Defendants has caused, and unless enjoined and restrained by this Court may continue to cause, injury to Plaintiff that cannot be fully compensated and measured in money, and Plaintiff therefore has no adequate remedy at law.

WHEREFORE, Plaintiff prays for the following relief:

      a. Preliminary and permanent injunctions pursuant 17 U.S.C. 502 barring, prohibiting, restraining and enjoining the Defendants, and

       all persons or entities acting in concert or participating with them, from any further acts infringing the exclusive rights of Plaintiff.

b. The greater of actual damages and profits, pursuant to 17 USC 504(b) as a result of the direct and contributory infringement of the exclusive rights of Plaintiff, or statutory damages under 17 USC 504(c)(1) as enhanced due to willful conduct as provided in 17 USC 504(c)(2), in excess of $30 million.

c. Such additional and further or different relief as the Court deems just and equitable.

### Count II – Contributory Infringement of Copyrights in the United States

24. Plaintiffs re-allege paragraphs 1-23 as paragraph 24 of this Count II.

25. Setplex LLC maintains various websites, offering IPTV to consumer subscribers and violated the exclusive rights of Plaintiff by distributing without authorization, the content and programming of the channels and providers listed in paragraph 14.

26. Defendant, LBD Group, LLC, by facilitating, managing or directing unauthorized distributions of Albanian language television programming, to which Plaintiff owns or holds the exclusive rights, materially contributed to the violation of the copyright laws by Setplex, LLC in that this Defendant has offered to, and entered into contracts with, consumer subscribers for the programming and caused delivery of programming to the subscribers by or through the Setplex LLC websites or its affiliates or through other means.

27. Defendant, Lionel Dreshaj, by facilitating, managing or directing unauthorized distributions of Albanian language television programming, to which Plaintiff owns or holds the exclusive rights, materially contributed to the violation of the copyright laws by Setplex, LLC in that this Defendant has offered to, and entered into contracts with, consumer subscribers for the programming and

caused delivery of programming to the subscribers by or through the Setplex LLC websites or its affiliates or through other means.

28. Defendant, Benjamin Dreshaj, by facilitating, managing or directing unauthorized distributions of Albanian language television programming, to which Plaintiff holds the exclusive rights, materially contributed to the violation of the copyright laws by Setplex, LLC in that this Defendant has offered to, and entered into contracts with, consumer subscribers for the programming and caused delivery of programming to the subscribers by or through the Setplex LLC websites or its affiliates or through other means.

29. The acts of contributory infringement by each Defendant have been committed willfully and with the knowledge that his conduct aided and abetted violations of the exclusive rights of Plaintiff to distribute the programming and content.

30. Each unlawful distribution of content and programming constitutes a separate act of contributory infringement for which Plaintiff is entitled to actual damages and the profits of each Defendant under 17 USC 504(b).

31. The conduct of each Defendant has caused, and unless enjoined and restrained by this Court may continue to cause, injury to Plaintiff that cannot be fully compensated and measured in money, and Plaintiff therefore has no adequate remedy at law.

WHEREFORE, Plaintiff prays for the following relief:

    a. Preliminary and permanent injunctions pursuant to 17 USC 502 barring, prohibiting, restraining and enjoining the Defendant, and all persons or entities acting in concert or participating with him, from any further acts infringing the exclusive rights of Plaintiff;

    b. The greater of actual damages and profits, pursuant to 17 USC 504(b) as a result of the direct and contributory infringement of the exclusive rights of Plaintiff, or statutory damages under 17 USC 504(c)(l) as enhanced due to willful conduct as provided in 17 USC 504(c)(2), in excess of $30 million;

c. Such additional and further or different relief as the Court deems just and equitable.

## Count III
## Unauthorized Publication or Use of Communication Under 47 U.S.C. 605

32. Plaintiffs re-allege paragraphs 1-31 as paragraph 32 of this Count III.

33. Without the express permission of Plaintiff, each of the Defendants have in the past, and continue in the present, to intentionally pirate, retransmit, and publish the content and programming owned or exclusively licensed to Plaintiff to their own subscribers within the United States for the purpose of their own economic gain.

34. In conjunction with the piracy, each of the Defendants, manufactured, imported, modified, exported, sold or distributed electronic devices or equipment for use by their customers in receipt from the Defendants and in display of the content and programming to which Plaintiff held the exclusive rights, in violation of 47 USC 605(e)(4).

35. The acts of each said Defendant have been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

36. The aforesaid willful and intentional actions by the Defendants described in paragraph 31 and 32 constitute the unauthorized publication or use of communications for commercial advantage in violation of 11 U.S.C. § 605(a).

37. The Defendants knew, at all pertinent times, that they lacked any right to the programming, in that they continued to rebroadcast their programming without pause after they received communication in writing from the originators of the programming and from Plaintiff.

38. The aforesaid willful and intentional actions by the Defendants, as described in paragraphs 31 and 32, constitute the unlawful receipt and distribution of electronic devises and equipment proscribed by 47 USC 605(e)(4).

39. Each Defendant knew, at all pertinent times, that its or his sale, receipt and distribution of the electronic devises and equipment was for the purpose of providing their customers with pirated content and programming in violation of 11 U.S.C. § 605(a).

40. As a direct and proximate result of the wrongful actions of the defendants, the Plaintiff sustained, and will continue to sustain, damages and irreparable harm.

WHEREFORE, Plaintiff prays for the following relief:

    a. A declaratory order finding that each Defendant violated 47 USC 605(a);

    b. A declaratory order finding that each said Defendant violated 47 USC 605(e)(4).

    c. Preliminary and permanent injunctions pursuant to 47 USC 605(e)(3)(B) barring, prohibiting, restraining and enjoining each Defendant from any further acts of intercepting or receiving any programming or signals of the content providers and channels set forth in paragraph 14.

    d. Preliminary and permanent injunctions pursuant to 47 USC 605(e)(3)(B) barring, prohibiting, restraining and enjoining each Defendant from any further acts of divulging, broadcasting, retransmitting or publishing the existence, contents, substance, purport, effect or meaning of programming of the content providers and channels set forth in paragraph 14.

    e. Preliminary and permanent injunctions pursuant to 47 USC 605(e)(3)(B) barring, prohibiting, restraining and enjoining the said Defendants from any further receipt or distribution of electronic or other devices and equipment for use in unlawful receipt of content and programming in violation of 11 U.S.C. § 605(a).

    f. Statutory penalties assessed against the Defendants, jointly and severally, as permitted under 47 USC 605(e)(2)(C)(i)(II), in excess of $30 million.

    g. Statutory penalties assessed against the said defendants, jointly and severally, as permitted under 47 USC 605(e)(2)(C)(ii), in excess of $5 million.

    h. An award of reasonable attorneys' fees and costs permitted under 47 USC 605(e)(3)(B)(iii); and

    i. Such additional and further or different relief as the Court deems just and equitable.

## Count IV
### Infringement of Copyright in the United Kingdom, the European Union, and independent European Countries.

41. Plaintiffs re-allege paragraphs 1-17 as paragraph 41 of this Count IV.

42. Setplex LLC, and LBD Group, LLC, in concert with the defendant individuals, violated the exclusive rights of Plaintiff by distributing in the United Kingdom, the European Union, and independent European countries, without authorization, the content and programming of the channels and providers set forth in paragraph 14, from October 2014 to the present.

43. At present, Setplex LLC, and LBD Group, LLC, remain distributing the channels listed in paragraph 14 to which Plaintiff holds the exclusive rights.

44. The acts of infringement of Setplex LLC and LBD Group, LLC, have been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

45. Each unlawful distribution of content and programming constitutes a separate act of infringement for which Plaintiff is entitled to actual damages and the profits of Setplex LLC and LBD Group, LLC, under the Berne Convention and other international treaties, as well as the statutes of each state within the

European Union and the statutes of each of the independent European countries, and in the United Kingdom pursuant to the Copyright Designs and Patents Act 1988, in excess of $60 million dollars.

46. The conduct of the defendants has caused, and unless enjoined and restrained by this Court may continue to cause, injury to Plaintiff that cannot be fully compensated and measured in money, and Plaintiff therefore has no adequate remedy at law.

WHEREFORE, Plaintiff prays for the following relief:

>   a. Preliminary and permanent injunctions pursuant to the Berne Convention and other international treaties, the statutes of each state within the European Union, the statutes of each of the independent European countries, and in the United Kingdom pursuant to the Copyright Designs and Patents Act 1988, barring, prohibiting, restraining and enjoining the defendants, and all persons or entities acting in concert or participating with them, from any further acts infringing the exclusive rights of Plaintiff.
>
>   b. the actual damages of Plaintiff and the profits of Setplex, LLC, and LBD Group, LLC, as a result of the direct and contributory infringement of the exclusive rights of Plaintiff.
>
>   c. Such additional and further or different relief as the Court deems just and equitable.

## Count V
## Breach of Contract--Top Channel

47. Prior to January 1, 2016, pursuant to a written agreement styled a "Broadcasting License Agreement" dated December 2, 2013, Top Channel sh.a, a corporation organized and existing under the laws of the Republic of Albania, with its principal place of business in Tirane, Albania, licensed Setplex LLC, a New Jersey limited liability company (the "Licensee"), to distribute certain programming, on a non-exclusive basis in the United States

11

and Canada, namely the content of television channels Top Channel, Top News, Musical and Top Channel HD.

48. LBD Group, LLC, is the successor in interest to the New Jersey limited liability company named Setplex, LLC, by virtue of the merger of the two companies on or about April 8, 2016.

49. Top Channel sh.a, was at all pertinent times, the owner of the exclusive rights to distribute the content of the said channels in the United States, the United Kingdom, and the European Union and independent European countries, which it received from the originators who created, developed and produced the programming outside of the United States, i.e. in the Republic of Albania or the Republic of Kosovo, and first aired them either (1) outside of the United States or (2) simultaneously outside the United States and within the United States.

50. Pursuant to the written agreement between them, the Licensee was obligated to pay Top Channel sh.a, a set fee for the use of the content licensed to it.

51. The written agreement expired on December 31, 2015, in that Top Channel refused to renew it, and at that time Top Channel terminated its relationship with the Licensee.

52. Upon the expiration of the agreement, on December 31, 2015, the Licensee was delinquent in payments due to Top Channel sh.a, under the agreement and totaling $75,000.00.

53. Despite repeated demands by Top Channel sh.a, to the Licensee, the delinquent amount has not been paid, and the amount remains due and owing.

54. On or about January 1, 2017, Top Channel sh.a assigned to DigitAlb sh.a its claims and causes of action against the Licensee for, among other things, breach of contract, including the right to enforce those claims in the name if Top Channel sh.a or in the name of DigitAlb sh.a, as its assignee.

55. Pursuant to paragraph 11.3.1 of the written agreement between Top Channel sh.a and the Licensee, Plaintiff is entitled to an award of it reasonable attorney's fees and costs in collecting the delinquent payments due Top Channel sh.a.

56. By statute, Plaintiff is entitled to prejudgment interest at the legally established rate per annum from January 1, 2016, on any amount found due under the contract.

WHEREFORE, Plaintiff prays for judgment against LBD Group, LLC in the sum of $75,000.00 plus prejudgment interest at the legally estblished rate from January 1, 2016, plus its reasonable attorney's fee and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.

May 24, 2017

_____
Phillip G. Steck
Cooper Erving & Savage LLP
Attorneys for Plaintiffs
Bar Roll No. PS5318

Richard E. Steck and Associates
Attorney for Plaintiff
19 South LaSalle St., Suite 1500
Chicago, Illinois 60603
(312) 236-4200
Airsteck@usa.net

Phillip G. Steck
Cooper Erving & Savage LLP
39 North Pearl Street
Albany, New York 12207
phone: (518) 449-3900
fax: (518) 432-3111
psteck@coopererving.com